Aguiar, J.
This appeal raises the issue of whether the trial court erred in not finding that the Statute of Frauds prohibited recovery for the plaintiff on a credit card debt when there was nothing in writing.
We find no error.
Defendant was the president and chief executive officer of a corporation known *157 as Biolabs Equipment, Inc., which employed around ten employees. Defendant had two American Express credit card charge accounts for Biolabs (a Green card and a Platinum card). Cards were issued to the defendant, his wife, and several other employees who would have need for them for traveling. Defendant did not recall personally getting monthly statements on either account but did write checks for the said charges. The defendant used the cards for both corporate and personal purposes. He did not sign anything, personally, with plaintiff regarding either of the accounts. When plaintiff mailed out a credit card to the defendant it was accompanied by a credit card agreement. Under the platinum card agreement the basic card member is responsible for all the activity on the account. Defendant was the basic card member. The additional card members are not responsible. There was no evidence produced of a signed document from the defendant on either of the cards.
Defendant argues that since there is nothing in writing, signed by him to which he would be obligated to pay the debt of another, (Biolabs) the Statute of Frauds bars recovery.
The card was renewed twice. There was testimony that it was strict company policy to attach the agreement when the credit card is mailed and three were mailed. There was also testimony by American Express that the agreement indicates that just the use of the card is acceptance.
Plaintiff argues that this is the defendant’s personal debt, not the debt of another (Biolabs), and the Statute of Frauds does not apply.
The trial court found for the plaintiff.
The issue of whether the defendant accepted the agreement is one of fact. The trier of fact’s decision should not be reversed unless clearly erroneous.
There was ample evidence for the trial judge to find that the defendant had knowledge of the agreement, used the card for personal items, and agreed to be personally responsible by use of the card under the terms of the agreement.
We find no error. The appeal is dismissed.